**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**PAUL A. BRANCH**                                                                                      **PLAINTIFF**

**v.**                                                    **Case No. 4:14-cv-63 KGB/JTK**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                                 **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition received from Magistrate Judge
Jerome T. Kearney (Dkt. No. 12) and the timely objections filed by plaintiff Paul Branch (Dkt.
No. 13).  After careful review of the Recommended Disposition and Mr. Branch's objections, as
well as a *de novo* review of the record, the Court approves and adopts the Recommended
Disposition in its entirety as this Court's findings in all respects.   The Court affirms the
Commissioner's decision, denies Mr. Branch's request for relief, and denies with prejudice Mr.
Branch's claim.

The Court writes separately to address Mr. Branch's objections.  Mr. Branch contends
that the Administrative Law Judge ("ALJ") did not assign the proper weight to medical opinions
provided by Mr. Branch's chiropractor, Russell Pearson, D.C., and the consultative examiner
physician, Clifford Evans, M.D.  Further, Mr. Branch argues the ALJ made improper findings
and conclusions based on the record.  Specifically, Mr. Branch contests the ALJ's following
findings and conclusions:  that Mr. Branch had worked part time after his alleged onset date; that
the medical opinion of the state agency medical consultant, Ronald Davis, M.D., deserved
"great" weight; and that Mr. Branch's allegations of disabling pain were not credible.  Mr.

Branch also contends that the ALJ failed to consider the consistency between the findings of Dr. Pearson and Dr. Evans.

In considering Mr. Branch's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862 (8th Cir. 2004). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* at 863. "If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217 (internal citation omitted).

In this case, the ALJ's decision is supported by substantial evidence in the record as a whole. First, regarding the ALJ's finding that Mr. Branch had engaged in part-time work sometime after his alleged onset date, the Court finds the record unclear. As Mr. Branch notes, the ALJ based this finding on an exhibit showing that Mr. Branch was paid $272.00 in wages sometime during the fourth quarter of 2011 (Tr. at 164). Mr. Branch contends that this payment was for work performed in the third quarter of 2011. The exhibit does not indicate when the work underlying the wages was performed. Even assuming that Mr. Branch did not work part

time after his onset date, the Court finds, as demonstrated in the analysis below, that other, substantial evidence in the record as a whole supports the ALJ's decision.

Second, the ALJ afforded proper weight to Dr. Pearson and Dr. Evans's opinions.  The Social Security Administration ("SSA") "consider[s] medical opinions in [a] case record together with the rest of the relevant evidence."   20 C.F.R. § 404.1527(b).   "Medical opinions are statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment." 20 C.F.R. § 404.1527 (a)(2).   A licensed physician is an "acceptable medical source" who may provide evidence needed "to establish whether [a claimant] has a medically determinable impairment(s)."  20 C.F.R. § 404.1513(a)(1). Although the ALJ "may also use evidence from other sources," such as chiropractors, "to show the severity of [a claimant's] impairment(s) and how it affects [his] ability to work," 20 C.F.R. § 404.1513(d)(1), an ALJ may give "little weight to the opinions of . . . chiropractors because such evidence is not considered an 'acceptable source' of medical information to prove disability." *Cronkite v. Sullivan*, 935 F.2d 133, 134 (8th Cir. 1990).

"A treatment provider's opinion is to be given controlling weight if it is supported by acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (citing 20 C.F.R. § 404.1527).  If an "acceptable medical source" does not warrant controlling weight, the SSA weighs the opinion by considering the following factors:  the examining relationship; the treatment relationship; the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency; specialization; and "other factors," such as an understanding of SSA evidentiary requirements or familiarity with a claimant's case record.  20 C.F.R. § 404.1527(c).

"When an [ALJ] considers findings of a State agency medical . . . consultant or other program physician . . . or other medical specialist, the [ALJ] will evaluate the findings using the relevant factors" discussed in part above, such as "the consultant's medical specialty and expertise in [SSA] rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions."   20 C.F.R. § 404.1527 (e)(2)(ii).   An "ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Pearsall*, 274 F.3d at 1219.

Here, the ALJ properly gave little weight to the opinion of Dr. Pearson, who is a chiropractor and who began treating Mr. Branch in May 2011, seven months prior to Mr. Branch's alleged onset date.   The ALJ gave weight to Dr. Pearson's findings to the extent that they were consistent with the record as a whole.   For example, Dr. Pearson indicated that Mr. Branch could lift up to 20 pounds in 2011 and occasionally lift 10 pounds in 2012 (Tr. at 17-22, 02, 308, 313).   Mr. Branch's ability to lift these weights is consistent with the record as a whole and supports the ALJ's conclusion that Mr. Branch is able to perform sedentary work.   *See* 20 C.F.R. § 404.1567(a) (noting that sedentary work involves lifting no more than 10 pounds at a time).

The ALJ also properly discounted other portions of Dr. Pearson's opinion because they were inconsistent with objective medical evidence.   The ALJ noted that Dr. Pearson's opinions were more limiting than the objective medical records, such as radiographic examinations, which showed that Mr. Branch's degenerative disc desiccation was "without significant loss of intervertebral disc heights"; that his disc bulge was "minimal" and "without significant canal or neural foramen narrowing"; and that he had "mild liagamentum flavum hypertrophy and minimal

facet degeneration" (Tr. at 259-60, 269-70, 276-77). "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (internal quotation marks omitted).

Likewise, the ALJ afforded the proper weight to Dr. Evans's opinion. Based upon a February 22, 2012, consultative examination of Mr. Branch, Dr. Evans diagnosed Mr. Branch with compression fracture of the spine, degenerative disc disease of the lumbosacral and cervical spine, neuropathy of the lumbosacral spine at the L4-L5 nerve to the left side, moderate to severe sacroilitis bilaterally, degenerative arthritis of the entire spine, and labyrinthitis. The ALJ discounted Dr. Evans's opinion that Mr. Branch had severe limitations due to low back pain because Dr. Evans's opinion was more limiting than the objective medical records, including Mr. Branch's February 24, 2012, x-ray, which showed minimal degeneration and no lumbar spine abnormalities. Again, an "ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Pearsall*, 274 F.3d at 1219; *see also Goff*, 421 F.3d at 790 ( "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence . . . .").

It is true, as Mr. Branch contends, that "'[a]n [ALJ] may not draw upon his own inferences from medical reports.'" *Dixon v. Barnhart*, 324 F.3d 997, 1002 (8th Cir. 2003) (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)). However, "determination of residual functional capacity is based on all the evidence in the record, including 'the medical records, observations of treating physicians and others, and an individual's own description of

his limitations.'" *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002). Thus, it may be proper for an ALJ to rely on both the opinion of a consulting physician and "an independent review of the medical evidence" that supports the consulting physician's opinion. *Id.* (upholding ALJ's decision that relied "on the opinion of the consulting physician" as well as "an independent review of the medical evidence") (quoting *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000)).

Mr. Branch contends that the ALJ afforded too much weight to Dr. Davis's opinion that Mr. Branch could perform a range of sedentary work. Mr. Branch points out that it may be improper for an ALJ to rely alone on the report of a state consultant who did not examine the claimant. *See, e.g.*, *Dixon v. Barnhart*, 324 F.3d 997, 1002-03 (8th Cir. 2003); *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002). Nevertheless, it is proper for the ALJ to rely on the opinion of a consulting physician, an independent review of objective medical evidence, and determinations of the claimant's credibility to form substantial evidence on the record as a whole. *See Krogmeier*, 294 F.3d at 1024; *McKinney*, 228 F.3d at 863.

Here, like in *Krogmeier*, the ALJ relied on the opinion of a consulting physician, finding that such opinion was consistent with objective medical records. The ALJ determined that "Dr. Davis'[s] conclusion is well-founded by his review of the medical evidence of record and further supported by the additional medical evidence and testimony at the hearing level" (Tr. at 22). Furthermore, affording weight to parts of Dr. Pearson and Dr. Evans's opinions that were consistent with the overall record—like Mr. Branch's ability to occasionally lift 10 pounds—the ALJ found that Mr. Branch is able to perform sedentary work with his limitations. The ALJ also noted that "[a]lthough Dr. Davis was non-examining, he is well-versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended"

(Tr. at 22).   The ALJ properly noted Dr. Davis's expertise and specialization and properly determined Dr. Davis's opinion is supported by, and consistent with, objective medical evidence and the record as a whole.   *See* 20 C.F.R. § 404.1527 (e)(2)(ii).

Lastly, the ALJ properly assessed Mr. Branch's credibility and subjective complaints of pain.   An ALJ must examine five factors when analyzing a claimant's subjective complaints of pain:   "(1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004). The ALJ need not explicitly discuss each of these factors. *Id.*; *Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004).   "The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger*, 390 F.3d at 590. Nevertheless, "[t]he ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints." *Id.*; *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004).   "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

Here, the ALJ noted that Mr. Branch described daily activities "that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations" (Tr. at 18).   Mr. Branch stated that he spends his days walking around the house, watching television, sitting for up to 30 or 40 minutes at a time, and napping.   Further, the ALJ also emphasized that "no physician placed any functional restrictions on [Mr. Branch's] activities that would preclude work activity with the previously mentioned restrictions" (*Id.*).   The ALJ also found that, while Mr. Branch had some degree of pain, his lack of "pain relief seeking behavior and treatment is

not indicative of a degree of pain that would limit activities beyond the scope" of that required to perform sedentary work (*Id.* at 18-19).   The ALJ noted that Mr. Branch's pain appears to be controlled with prescription medications and that Mr. Branch's reported side effects were mild and would not interfere with his ability to perform sedentary work.

Ultimately, the ALJ determined that "after careful consideration of the weight and preponderance of the credible evidence of record, including testimony presented at the hearing, the undersigned finds that the pain and discomfort factor is not of such persistence or severity as to be disabling" (Tr. at 19).   From a review of the ALJ's opinion in this case, the Court determines that the ALJ properly considered the relevant factors, made express credibility determinations, and set forth the inconsistencies of Mr. Branch's testimony in the record.   Thus, the Court finds that the ALJ properly assessed Mr. Branch's credibility and subjective complaints of pain.

Accordingly, as demonstrated above, the ALJ properly relied on the opinion of a consulting physician, an independent review of objective medical evidence, and determinations of the claimant's credibility to form substantial evidence on the record as a whole.   *See Krogmeier*, 294 F.3d at 1024; *McKinney*, 228 F.3d at 863.   As to Mr. Branch's argument that the ALJ did not properly weigh the consistency of Dr. Pearson and Dr. Evans's opinions, the Court notes that, although any such consistency could support the opposite position of the ALJ, the Court must affirm the commissioner's decision if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the commissioner's findings.   *Pearsall*, 274 F.3d at 1217.   For the foregoing reasons, the Court determines that the ALJ's decision that Mr. Branch maintains the residual functional capacity to perform sedentary work is supported by substantial evidence in the record as a whole.   The Court adopts the Recommended Disposition,

affirms the Commissioner's decision, denies Mr. Branch's request for relief, and denies with prejudice Mr. Branch's claim.

SO ORDERED this 28th day of September, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE